■ MARY FORMAN, Respondent, v CITY OF WHITE PLAINS, Appellant, and BEN P. SHNO et al., Respondents. [773 NYS2d 102]—

In an action to recover damages for personal injuries, the defendant City of White Plains appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered August 26, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff was injured when she slipped and fell on a snow-covered portion of a sidewalk at the mid-block area of Maple Avenue in the City of White Plains. The Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The City made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it had no prior written notice of any defective condition in the sidewalk area where the plaintiff allegedly fell, as required by White Plains City Code § 277 (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Goldburt v County of Nassau*, 307 AD2d 1019 [2003], *lv denied* 1 NY3d 504 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact with respect to whether the City may have created a defective condition.

There is no merit to plaintiff's contention that the City's street snow-plowing operations, which caused snow to be piled against the curb, contributed to the happening of this accident by allegedly preventing her from avoiding the snow-covered portion of the sidewalk. To establish proximate cause, a "plaintiff must generally show that the defendant's *negligence* was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980] [emphasis added]; *cf. Pomeroy v Buccina*, 289 AD2d 944, 945 [2001]). There is no evidence demonstrating that the City's plowing of the snow from the street against the curb constituted negligence (*see Davis v City of New York*, 296 NY 869 [1947]; *Borkowski v City of New York*, 276 App Div 770 [1949], *affd* 301 NY 770 [1950]).

Accordingly, the City is entitled to dismissal of the complaint and all cross claims insofar as asserted against it. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.