LINDA MASOTTO, Appellant, v VILLAGE OF LINDENHURST, Also Known as VILLAGE OF LINDENHURST, a Municipal Corporation, Respondent. [954 NYS2d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Gazzillo, J, ), entered May 13, 2011, which, upon an order of the same court entered April 13, 2011, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her, dismissing the complaint, and (2) an order of the same court entered October 4, 2011, which denied her motion for leave to renew and reargue her opposition to the defendant's motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered October 4, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered October 4, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from so much of the order entered October 4, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument.

On December 24, 2008, the plaintiff allegedly was injured when she slipped and fell in a municipal parking lot owned by the defendant. At the time of the plaintiff's fall, a prior written notice law was in effect (see Village Law § 4-402 [g]; Code of Village of Lindenhurst § 116-1 [amending Village Law § 6-628]).

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055, 1056 [2012]; Abano v Suffolk County Community Coll., 66 AD3d 719, 719 [2009]; Katsoudas v City of New York, 29 AD3d 740, 741 [2006]). Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a defect which comes within the ambit of the law un-

less it has received written notice of the alleged defect or danger-ous condition, or an exception to the written notice requirement applies (*see Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the frozen snow plow track upon which the plaintiff allegedly slipped and fell, as required by sec-tion 116-1 of the Code of the Village of Lindenhurst, and that it did not create the dangerous condition through an affirmative act of negligence (*see Cuebas v City of Yonkers*, 97 AD3d at 780).

In opposition, the plaintiff failed to raise a triable issue of fact, as her reliance on *San Marco v Village/Town of Mount Kisco* (16 NY3d 111 [2010]) is misplaced. In contrast to the sit-uation presented in *San Marco*, there is no evidence that the defendant's snow removal efforts created any new, dangerous condition. The frozen snow plow track upon which the plaintiff allegedly fell was not caused by the defendant's method of snow clearance, but was simply a remnant left by the snow removal machinery during the plowing operations of December 19, 2008. Moreover, the alleged failure by the defendant to remove every bit of snow and ice from the parking lot on December 19, 2008, is not actionable (*see Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]), as a municipality's failure to remove all snow and ice from a parking lot is passive in nature and does not constitute an affirmative act of negligence excepting it from prior written notice requirements (*see Wohlars v Town of Islip*, 71 AD3d 1007 [2010]; *Stallone v Long Is. R.R.*, 69 AD3d 705 [2010]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009], *affd* 17 NY3d 125 [2011]; *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d at 921).

The plaintiff's remaining contentions are without merit. Dil-lon, J.P., Leventhal, Austin and Roman, JJ., concur.