■ ANDREW AVELLINO, Respondent, v CITY OF NEW YORK, Appellant. [968 NYS2d 114]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated December 2, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Where a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries arising from a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127, 1127 [2010]; *Schleif v City of New York*,

60 AD3d 926, 927-928 [2009]). The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality (*see Amabile v City of Buffalo,* 93 NY2d at 474; *Poirier v City of Schenectady,* 85 NY2d 310, 314-315 [1995]).

Contrary to the plaintiff's contention, the defendant, the City of New York, established its prima facie entitlement to judgment as a matter of law by presenting evidence that it did not receive prior written notice of the condition that allegedly caused the plaintiff's injuries (*see Groninger v Village of Mamaroneck,* 17 NY3d 125, 129 [2011]; *cf. Bruni v City of New York,* 2 NY3d 319 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City actually was provided with timely prior written notice or whether the affirmative act exception was applicable. Furthermore, the plaintiff did not address the special use exception to the prior written notice law (*see Conner v City of New York,* 104 AD3d 637 [2013]).

Accordingly, the Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur. ■