In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered January 12, 2012, as granted that branch of the motion of the defendant Town of Oyster Bay which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
At approximately 6:00 p.m. on January 30, 2009, the plaintiff allegedly was injured when he slipped on ice and fell to the ground in a parking lot owned by the defendant Town of Oyster Bay. The plaintiff testified at his deposition that he attempted to cross over an eight-inch high snow mound or ridge on top of a garden area separating a walkway from the subject parking lot, as there was no opening in the mound or ridge allowing for pedestrian traffic into the parking lot. The plaintiff alleged that *605 the mound or ridge existed as a result of the Town’s snow removal operations. The plaintiff further testified at his deposition that after he fell, he realized that what he had thought was a clear area on the parking lot side of the mound had been “jagged ice . . . black ice . . . you could see right through it so it looked just like concrete to me.”
The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, asserting lack of prior written notice and that it did not create a dangerous condition through an affirmative act of negligence.
“A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies” (Masotto v Village of Lindenhurst, 100 AD3d 718, 718 [2012] [internal quotation marks omitted]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055, 1056 [2012]; Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; Abano v Suffolk County Community Coll., 66 AD3d 719, 719 [2009]; Katsoudas v City of New York, 29 AD3d 740, 741 [2006]). Here, the Town has enacted such a prior written notice law (see Code of Town of Oyster Bay § 160-1). “Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it” (Masotto v Village of Lindenhurst, 100 AD3d at 719 [internal quotation marks omitted]; see Miller v Village of E. Hampton, 98 AD3d 1007, 1008 [2012]).
The Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of a snow mound or icy condition as required by Code of Town of Oyster Bay § 160-1, and that it did not create a dangerous condition through an affirmative act of negligence (see Lichtman v Village of Kiryas Joel, 90 AD3d 1001, 1001-1002 [2011]; Forman v City of White Plains, 5 AD3d 434 [2004]; Davis v City of New York, 270 App Div 1047 [1946]). In opposition, the plaintiff failed to raise a triable issue of fact (see Avellino v City of New York, 107 AD3d 836, 837 [2013]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the Town’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.R, Lott, Austin and Hinds-Radix, JJ., concur. [Prior Case History: 2012 NY Slip Op 30129(U).]