■ BARBARA DONNELLAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [977 NYS2d 326]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), entered March 28, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On July 18, 2009, the injured plaintiff, Barbara Donnellan, allegedly tripped and fell on the Coney Island Boardwalk in Brooklyn, near its West 32nd Street exit ramp. The injured plaintiff claimed that the accident occurred as a result of loose and raised boards on the boardwalk. In the notice of claim served upon the defendants, the injured plaintiff more specifically identified the location of the accident as "the Coney Island boardwalk thirty-two (32) feet directly north of the light pole and ninety-two (92) feet from the exit ramp on the boardwalk leading to West 32nd Street." The defendants moved for summary judgment dismissing the complaint, arguing that they did not receive prior written notice of the defective condition alleged by the injured plaintiff as required by the Administrative Code of the City of New York § 7-201 (c). The Supreme Court granted the motion.

Where a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received prior written notice of the dangerous condition, or an exception

to the prior written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127, 1127 [2010]; *Schleif v City of New York*, 60 AD3d 926, 927-928 [2009]). Pursuant to New York City Administrative Code § 7-201 (c) (1) (b), "the term 'sidewalk' shall include a boardwalk." The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that they did not receive prior written notice of the condition on the Coney Island Boardwalk that allegedly caused the injured plaintiff's injuries (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 129 [2011]; cf. *Bruni v City of New York*, 2 NY3d 319 [2004]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the defendants were provided with prior written notice of the condition which allegedly caused the injured plaintiff to trip and fall (*see Weinreb v City of New York*, 193 AD2d 596, 597 [1993]; cf., *Arcabascio v City of New York*, 91 AD3d 684 [2012]). In particular, the plaintiff submitted a "Site Inspection Report" regarding the Coney Island boardwalk, which was prepared by the defendant New York City Department of Parks and Recreation on June 3, 2009, approximately five weeks before the injured plaintiff's accident. The report contained 21 photographs of various locations on the boardwalk, including one which was captioned "trip hazard due to uplifted boardwalk slat east of W32nd St." The report also indicated that the overall condition of the boardwalk in this area was "U" for unsatisfactory.

Furthermore, while the injured plaintiff's testimony at the hearing held pursuant to General Municipal Law § 50-h did not describe the accident location as being east or west of the West 32nd Street ramp, her deposition testimony suggests that she was slightly east of the subject ramp when the accident took place. To the extent that " 'there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the [site inspection report], the question should be resolved by a jury' " (*Almadotter v City of New York*, 15 AD3d 426, 427 [2005], quoting *Quinn v City of New York*, 305 AD2d 570, 571 [2003]).

There also remains a triable issue of fact regarding the injured plaintiff's claim that the subject defect was affirmatively and immediately created by the defendants' method of constructing the boardwalk (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.