■ CHRISTINA TALLERICO, Respondent, v CITY OF PEEKSKILL, Appellant. [980 NYS2d 842]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 7, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On December 8, 2009, the plaintiff allegedly sustained injuries when she slipped and fell on loose gravel, stones, and other debris while walking on the roadway in front of 240 Fremont Street in Peekskill. Prior to falling, she had stepped off the sidewalk onto the roadway upon observing that a portion of the sidewalk had been removed and the area around that portion had been barricaded. In June 2010, the plaintiff commenced this action against the City of Peekskill alleging, inter alia, that it had created the gravel, stone, and debris condition during the course of its sidewalk repair in that it failed to clean and maintain the area around the work site. The defendant moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged dangerous condition pursuant to the Charter of the City of Peekskill § C199 and that it had not created the condition. The Supreme Court denied the motion.

Where, as here, a municipality has enacted a prior written notice statute, "it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies" (*Donnellan v City of New York*, 112 AD3d 780, 780-781 [2013]; *see Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012];

*Trinidad v City of Mount Vernon*, 51 AD3d 661, 662 [2008]). There are two recognized exceptions to the prior written notice requirement. The only exception relevant here is if the municipality created the defect or hazard through an affirmative act of negligence (*see Donnellan v City of New York*, 112 AD3d 780 [2013]; *Keating v Town of Oyster Bay*, 111 AD3d 604, 605 [2013]; *Avellino v City of New York*, 107 AD3d 836, 837 [2013]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 719 [2012]).

The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the loose gravel, stones, and other debris upon which the plaintiff allegedly slipped and fell, as required by section C199 of the Charter of the City of Peekskill, and that it did not create the alleged dangerous condition through an affirmative act of negligence (*see Keating v Town of Oyster Bay*, 111 AD3d at 605; *Masotto v Village of Lindenhurst*, 100 AD3d at 719).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant received prior written notice of the allegedly dangerous condition, or created it by an affirmative act of negligence (*see Masotto v Village of Lindenhurst*, 100 AD3d at 719; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]).

The defendant's remaining contention has been rendered academic in light of our determination. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.