■ Patricia Moncrieffe, Appellant, v City of White Plains, Respondent, et al., Defendants. [982 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated December 16, 2011, as granted the motion of the defendant City of White Plains for summary judgment dismissing the

complaint insofar as asserted against it, and (2) from an order of the same court dated July 30, 2012, which denied her motion for leave to renew and reargue.

Motion by the defendant City of White Plains to dismiss an appeal from the order dated July 30, 2012, on the ground, inter alia, that no appeal lies from an order denying reargument. By decision and order of this Court dated December 11, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion of the defendant City of White Plains which was to dismiss the appeal from so much of the order dated July 30, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue is granted, the appeal from that portion of the order is dismissed, and the motion of the defendant City of White Plains is otherwise denied; and it is further,

Ordered that the order dated December 16, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 30, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant City of White Plains.

The plaintiff allegedly was injured when she slipped and fell on an icy patch of roadway in the City of White Plains as she was attempting to walk around a snow-covered median at an intersection. The Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; White Plains City Charter § 277). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Masotto v Village of Lindenhurst*, 100 AD3d at 719 [internal quotation marks omitted]; *see Keating v Town of Oyster Bay*, 111 AD3d 604, 605 [2013]). In her bill of particulars, the plaintiff alleged that the

City affirmatively created a dangerous condition by the manner in which it piled up snow and ice at the location of the accident. Thus, in order to establish its prima facie entitlement to judgment as a matter of law, the City was obligated to show not only that it did not receive prior written notice of the dangerous condition, but that it did not create that condition through an affirmative act of negligence (*see Romano v Village of Mamaroneck*, 100 AD3d 854, 855 [2012]).

The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of a snow mound or icy condition in the area in which the plaintiff fell, and that it did not, merely by plowing the roadway, create a dangerous condition through an affirmative act of negligence (*see Keating v Town of Oyster Bay*, 111 AD3d at 605; *Forman v City of White Plains*, 5 AD3d 434 [2004]; *Davis v City of New York*, 270 App Div 1047 [1946], *affd* 296 NY 869 [1947]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Keating v Town of Oyster Bay*, 111 AD3d at 605).

Moreover, the purportedly new facts submitted by the plaintiff on that branch of the motion which was for leave to renew would not have changed the prior determination. Therefore, renewal was properly denied (*see* CPLR 2221 [e]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Balkin, Hinds-Radix and Maltese, JJ., concur.