■ ROBERT BARNES, Appellant, v INCORPORATED VILLAGE OF PORT JEFFERSON, Respondent, et al., Defendants. [990 NYS2d 841]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 11, 2013, as granted that branch of the motion of the defendant Incorporated Village of Port Jefferson which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that on December 29, 2010, at approximately 9:30 p.m., he slipped and fell on a mound of snow in a municipal parking lot located at 99A Main Street, in the defendant Incorporated Village of Port Jefferson. The plaintiff testified at his deposition that he and his wife left a local sports bar through a back door, which led to a parking lot. The plaintiff observed that snow had been cleared and plowed to the sides of the lot, and there was a mound of snow running perpendicular to the route he and his wife wanted to walk. The plaintiff recalled there was no visible path or spot in that perpendicular line of snow that permitted him to pass into the parking lot. At his deposition, he described the snow mound as being eight feet across and 3½ feet wide. He was unable to estimate its height. According to the plaintiff, there was no other way around the

mound, so he climbed over it. He took one step with his right foot into the mound of snow, and then followed with a second step with his left foot. Upon taking the second step, his left ankle buckled and he began to fall. He was able to catch his wife's arm, which prevented him from falling to the ground.

As a result of this incident, the plaintiff commenced this action against, among others, the Village, which owned and maintained the subject parking lot, alleging that the mound existed as a result of the Village's snow removal operations. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, lack of prior written notice. The Supreme Court, inter alia, granted that branch of the motion.

A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Keating v Town of Oyster Bay*, 111 AD3d 604 [2013]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; *Albano v Suffolk County*, 99 AD3d 741 [2012]). Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it (*see Keating v Town of Oyster Bay*, 111 AD3d at 604; *Masotto v Village of Lindenhurst*, 100 AD3d at 718; *Albano v Suffolk County*, 99 AD3d at 742).

Contrary to the plaintiff's assertions on appeal, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the snow mound, and that it did not create a dangerous condition through an affirmative act of negligence (*see Keating v Town of Oyster Bay*, 111 AD3d at 604; *Forman v City of White Plains*, 5 AD3d 434 [2004]; *Davis v City of New York*, 270 App Div 1047 [1946], *affd* 296 NY 869 [1947]). The plaintiff did not allege that the subject condition was created by the Village's special use, and thus, the Village was not required to address this exception (*see Perez v City of New York*, 116 AD3d 1019, 1020 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.