■ DAVID PALKA et al., Respondents-Appellants, v VILLAGE OF OSSINING, Appellant-Respondent, et al., Respondents. [992 NYS2d 273]—

In an action to recover damages for personal injuries, etc., the defendant Village of Ossining appeals from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated February 21, 2013, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of motion of the defendants Chi His Tan and Atlantic Bar & Restaurant Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendant Village of Ossining for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Village of Ossining, payable by the plaintiffs, and one bill of costs is awarded to the defendants Chi His Tan and Atlantic Bar & Restaurant Corp., payable by the plaintiffs.

On February 7, 2009, at approximately 10:45 p.m., the plaintiff David Palka (hereinafter the injured plaintiff) allegedly slipped and fell on an icy condition located on the sidewalk, near the curbline, adjacent to 84 Croton Avenue, in the Village of Ossining. The injured plaintiff, and his wife suing derivatively, commenced this action against the Village, and Chi His Tan and Atlantic Bar & Restaurant Corp. (hereinafter together the Atlantic defendants), the alleged owners of the premises abutting the sidewalk, averring, inter alia, that they were negligent in their snow removal efforts.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies (*see Poirier v City of Schenectady,* 85 NY2d 310 [1995]; *Cuebas v City of Yonkers,* 97 AD3d 779,

780 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

On its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the Village made a prima facie showing of entitlement to judgment as a matter of law by providing evidence that it lacked prior written notice of the allegedly dangerous icy condition, as required by Village Law § 6-628 (*see Moncrieffe v City of White Plains*, 115 AD3d 915 [2014]; *Keating v Town of Oyster Bay*, 111 AD3d 604, 605 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Moncrieffe v City of White Plains*, 115 AD3d at 917; *Keating v Town of Oyster Bay*, 111 AD3d at 605). Accordingly, the Supreme Court should have granted the Village's cross motion for summary judgment.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the Atlantic defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. "Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk" (*Hilpert v Village of Tarrytown*, 81 AD3d 781, 781 [2011]; *see Smalley v Bemben*, 12 NY3d 751 [2009]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]; *Braun v Weissman*, 68 AD3d 797 [2009]). Although section 229-6 of the Code of the Village of Ossining (hereinafter the Village Code) requires a landowner to remove snow and ice from abutting public sidewalks, it does not specifically impose tort liability for a breach of that duty (*see Hilpert v Village of Tarrytown*, 81 AD3d at 781). "In the absence of a statute or ordinance imposing liability, the owner of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally occurring conditions more hazardous" (*id.* at 782; *see Schwint v Bank St. Commons, LLC*, 74 AD3d at 1313; *Ferguson v Shu Ham Lam*, 74 AD3d at 871; *Braun v Weissman*, 68 AD3d at 798). In their pleadings, the plaintiffs did not allege that the Atlantic defendants created the icy condition. Rather, the pleadings alleged that the Atlantic defendants were negligent in, inter alia, failing to remove snow and ice from the

sidewalk. Since the Atlantic defendants established that section 229-6 of the Village Code did not impose tort liability upon them for a failure to remove snow and ice from the sidewalk, they demonstrated their prima facie entitlement to judgment as a matter of law (*see Marx v Great Neck Park Dist.*, 92 AD3d 925 [2012]).

In opposition, the plaintiffs failed to raise a triable issue of fact. In their opposition papers, for the first time, the plaintiffs alleged that the Atlantic defendants were negligent because they created the condition alleged. A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars (*see Mezger v Wyndham Homes, Inc.*, 81 AD3d 795 [2011]; *Pinn v Baker's Variety*, 32 AD3d 463 [2006]; *Yaeger v UCC Constructors*, 281 AD2d 990, 991 [2001]; *Otonoga v City of New York*, 234 AD2d 592, 593 [1996]; *cf. Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.*, 309 AD2d 846 [2003]; *Orros v Yick Ming Yip Realty*, 258 AD2d 387, 388 [1999]). Therefore, the Supreme Court properly granted that branch of the Atlantic defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.