■ Matel Fischer et al., Appellants, v Village of New Square, Defendant/Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [9 NYS3d 63]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated October 31, 2013, which

granted the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint, and denied their cross motion for summary judgment striking the defendant/third-party plaintiff's tenth affirmative defense.

Ordered that the order is affirmed, with costs.

On April 26, 2010, the plaintiff Matel Fischer (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over a hole in the roadway while crossing the street at the intersection of Washington Avenue and Bush Lane in the defendant/third-party plaintiff Village of New Square (hereinafter the Village). At the time of the accident, there was a contract in place between the Village and the third-party defendant Town of Ramapo, pursuant to which the Town was responsible for street maintenance and repair in the Village.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Palka v Village of Ossining*, 120 AD3d 641, 641 [2014]; *see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Keating v Town of Oyster Bay*, 111 AD3d 604 [2013]). " 'Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it' " (*Palka v Village of Ossining*, 120 AD3d at 642, quoting *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *see Amabile v City of Buffalo*, 93 NY2d at 471).

In support of its motion for summary judgment dismissing the complaint, the Village established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it lacked prior written notice of the hole over which the injured plaintiff tripped, as required by its prior written notice statute. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village received prior written notice as required by its prior written notice statute (*see McCarthy v City of White Plains*, 54 AD3d 828 [2008]), or that either the Village or the Town, on the Village's behalf, created the hole through an affirmative act of negligence. Further, the plaintiffs did not allege that the special use exception applied.

The Supreme Court also properly denied the plaintiffs' cross motion for summary judgment striking the Village's tenth affirmative defense, which alleged that it did not receive prior written notice of the alleged defect.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment striking the Village's tenth affirmative defense. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.