■ THERESA DESALVIO et al., Appellants, v SUFFOLK COUNTY WATER AUTHORITY et al., Respondents. [7 NYS3d 331]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered September 9, 2013, as granted that branch of the motion of the defendant Town of Smithtown which was for summary judgment dismissing the complaint insofar as asserted

against it, and granted the motion of the defendant Suffolk County Water Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Suffolk County Water Authority for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Suffolk County Water Authority, and one bill of costs to the Town of Smithtown payable by the plaintiff.

The plaintiff Theresa DeSalvio (hereinafter the injured plaintiff) allegedly tripped and fell on a water vault cover on Van Buren Court, near its intersection with Wilson Avenue, Nesconset, in the Town of Smithtown. The plaintiffs served a notice of claim on the Town and the Suffolk County Water Authority (hereinafter SCWA). Subsequently, the injured plaintiff, and her husband suing derivatively, commenced this action against the Town and the SCWA. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the SCWA moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted both motions. We modify.

Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Moncrieffe v City of White Plains, 115 AD3d 915, 916 [2014]; Keating v Town of Oyster Bay, 111 AD3d 604, 605 [2013]; Masotto v Village of Lindenhurst, 100 AD3d 718, 718 [2012]; Code of Town of Smithtown § 245-13). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (Masotto v Village of Lindenhurst, 100 AD3d at 719 [internal quotation marks omitted]; see Keating v Town of Oyster Bay, 111 AD3d at 605).

The Town established its prima facie entitlement to judgment as a matter of law by submitting evidence, including an affidavit from its Town Clerk, demonstrating that it did not receive prior written notice of the condition alleged, and that it did not create the alleged condition through an affirmative act of negligence. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Town created the alleged

condition through an affirmative act of negligence. The plaintiffs did not claim a special use as it concerned the Town. Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court, however, erred in granting the SCWA's motion for summary judgment. While the evidence submitted in support of the SCWA's motion demonstrated, prima facie, that it did not create the alleged condition and did not have actual notice of the condition, its submissions failed to demonstrate that it did not have constructive notice of the alleged condition (*see Maloney v Farris*, 117 AD3d 916, 916-917 [2014]). Therefore, since the SCWA failed to meet its prima facie entitlement to judgment as a matter of law in the first instance, the burden never shifted to the plaintiffs to raise a triable issue of fact with respect to the SCWA (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.