■ OPHELIA AGARD et al., Respondents, v CITY OF WHITE PLAINS, Appellant, et al., Defendants. [8 NYS3d 344]—

In an action to recover damages for personal injuries, etc., the defendant City of White Plains appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated November 18, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of White Plains for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff Ophelia Agard (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on ice in a roadway in the defendant City of White Plains. The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against, among other defendants, the City, alleging negligence.

Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for a defect within the scope of that law absent the requisite written notice, unless an exception to the requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; *Moncrieffe v City of White Plains*, 115 AD3d 915 [2014]; Charter of City of White Plains § 277). Where such a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of the two recognized exceptions to the prior written notice requirement (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055 [2012]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1007-1008 [2010]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Amabile v City of Buffalo*, 93 NY2d at 474; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d at 1056).

In support of its motion for summary judgment, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the alleged icy condition, as required by section 277 of the Charter of the City of White Plains. Contrary to the Supreme Court's determination, the plaintiffs failed to raise a triable issue of fact as to whether the City's record-keeping, as it concerned its prior written notice logbook, was reliable, or whether the City created the icy condition through an affirmative act of negligence. The City's codefendants, Richard L. Spitz and Donna M. Spitz, also failed to raise a triable issue of fact with respect to the cross claims.

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.