■ IRENA FRYC-CANNELLA, Appellant, v TOWN OF NORTH HEMP-STEAD, Respondent. [7 NYS3d 574]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), entered April 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On February 9, 2011, the plaintiff allegedly tripped and fell on an elevated cement sidewalk flag in front of her home in New Hyde Park, in the Town of North Hempstead.

Where, as here, a municipality has adopted a prior written notice law, it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Moncrieffe v City of White Plains, 115 AD3d 915, 916 [2014]; Keating v Town of Oyster Bay, 111 AD3d 604, 605 [2013]; Masotto v Village of Lindenhurst, 100 AD3d 718, 718-719 [2012]; Albano v Suffolk County, 99 AD3d 741, 741-742 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (Miller v Village of E. Hampton, 98 AD3d 1007, 1008 [2012]).

Here, the defendant, the Town of North Hempstead, established its prima facie entitlement to judgment as a matter of law by demonstrating, insofar as relevant here, that it did not receive prior written notice of the condition that allegedly caused the plaintiff's injuries, and that it did not create a dangerous condition through an affirmative act of negligence (see Keating v Town of Oyster Bay, 111 AD3d at 605). In opposition, the plaintiff failed to raise a triable issue of fact (see Capobianco v Mari, 272 AD2d 497 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and, for the same reasons, properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.