■ CHANDRA MAHABIR, Respondent, v SUFFOLK COUNTY WATER AUTHORITY et al., Respondents, and COUNTY OF SUFFOLK, Appellant. [11 NYS3d 863]—In an action to recover damages for personal injuries, the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated May 31, 2013, as

denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff-respondent.

A municipality that has adopted a prior written notice statute cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Masotto v Village of Lindenhurst*, 100 AD3d at 719 [internal quotation marks omitted]; *see Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]). Here, while the appellant, County of Suffolk, established, prima facie, that the plaintiff failed to comply with Suffolk County Charter § C8-2A, its prior written notice statute, it failed to establish, prima facie, that it did not create the allegedly defective condition which caused the plaintiff's fall through an affirmative act of negligence (*cf. Lichtman v Village of Kiryas Joel*, 90 AD3d 1001, 1001-1002 [2011]; *Forman v City of White Plains*, 5 AD3d 434 [2004]; *Davis v City of New York*, 270 App Div 1047 [1946], *affd* 296 NY 896 [1947]). Because the County failed to satisfy its prima facie burden, its motion for summary judgment was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Austin, Roman and Miller, JJ., concur.