■ ANTHONY PIPITONE, Respondent, v MINEOLA REALTY AS-SOCIATES et al., Defendants, and TOWN OF NORTH HEMPSTEAD, Appellant. [22 NYS3d 125]—

In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated February 28, 2014, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

A municipality that has adopted a prior written notice statute cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Masotto v Village of Lindenhurst*, 100 AD3d at 719 [internal quotation marks omitted]; *see Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the Town of North Hempstead established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the defect that allegedly caused the plaintiff's accident, as required by North

Hempstead Town Code § 26-1, and that it did not create the defect through an affirmative act of negligence (*see Lichtman v Village of Kiryas Joel*, 90 AD3d 1001, 1001-1002 [2011]; *Forman v City of White Plains*, 5 AD3d 434 [2004]; *Davis v City of New York*, 270 App Div 1047 [1946], *affd* 296 NY 869 [1947]). There is no allegation that the Town made special use of the sidewalk where the accident occurred. Contrary to the Supreme Court's determination, in opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether any act of the Town immediately created the defect that caused the plaintiff's accident (*see Yarborough v City of New York*, 10 NY3d 726 [2008]; *Oboler v City of New York*, 8 NY3d 888 [2007]; *Davison v City of Buffalo*, 96 AD3d 1516 [2012]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511 [2005]).

Accordingly, the Supreme Court erred in denying the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.