◼ Meryl Marciano, Appellant, v Village of Rockville Centre, Respondent. [24 NYS3d 520]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered October 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a defect or a dangerous condition that comes within the ambit of the law unless it has received written notice of the alleged defect or dangerous condition prior to the occurrence of the subject accident, or an exception to the written notice requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Agard v City of White Plains*, 127 AD3d 894, 895 [2015]; *Moncrieffe v City of White Plains*, 115 AD3d 915, 916 [2014]; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Palka v Village of Ossining*, 120 AD3d 641, 642 [2014]).

Here, the defendant established, prima facie, that it did not have prior written notice of the alleged icy or uneven condition in the parking lot where the plaintiff slipped and fell (*see Peretz v Village of Great Neck Plaza*, 130 AD3d 867, 869 [2015]; *Agard v City of White Plains*, 127 AD3d 894, 895 [2015]; *Palka v Village of Ossining*, 120 AD3d at 642). Contrary to the plaintiff's contention, the defendant also established, prima facie, that it did not affirmatively create the alleged icy or uneven condition (*see Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]; *Peretz v Village of Great Neck Plaza*, 130 AD3d at 869; *Barnes v Incorporated Vil. of Port Jefferson*, 120 AD3d 528, 529 [2014]; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 718 [2012]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.