Taustine v Incorporated Vil. of Lindenhurst (2018 NY Slip Op 01211)





Taustine v Incorporated Vil. of Lindenhurst


2018 NY Slip Op 01211


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-09019
 (Index No. 603321/15)

[*1]Lucie Taustine, et al., appellants, 
v
Incorporated Village of Lindenhurst, respondent.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Brian W. McElhenny of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rouse, J.), entered September 19, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Lucie Taustine alleges that she was injured when she tripped and fell while walking on an allegedly uneven sidewalk in Lindenhurst near a tree well and a dedication plaque. Taustine, and her husband suing derivatively, commenced this action against the defendant. After discovery, the defendant moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect (see Code of the Village of Lindenhurst § 6-628). The Supreme Court granted the motion. The plaintiffs appeal.
"A municipality that has adopted a prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Forbes v City of New York, 85 AD3d 1106, 1107; see Poirier v City of Schenectady, 85 NY2d 310; Masotto v Village of Lindenhurst, 100 AD3d 718). Here, the defendant is a municipality that has enacted a prior written notice law (see Masotto v Village of Lindenhurst, 100 AD3d 718; Braver v Village of Cedarhurst, 94 AD3d 933, 934). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (Miller v Village of E. Hampton, 98 AD3d 1007, 1008).
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the condition upon which Taustine allegedly tripped and fell, and that it did not create the dangerous condition through an affirmative act of negligence (see Masotto v Village of Lindenhurst, 100 AD3d at 718).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs neither [*2]argued in opposition to the defendant's motion at the trial level nor argue on this appeal that the defendant had prior written notice of the condition. Further, the plaintiffs failed to raise a triable issue of fact in opposition as to whether the defendant created the condition through an affirmative act of negligence which immediately resulted in the existence of the defect (see Methal v City of New York, 116 AD3d 743, 744). The plaintiffs failed to allege the special use exception in either the notice of claim, the complaint, or the bill of particulars, and therefore, that new theory of liability was improperly raised for the first time in opposition to the defendant's motion for summary judgment (see Aleksandrova v City of New York, 151 AD3d 427; Methal v City of New York, 116 AD3d at 744; Pinn v Baker's Variety, 32 AD3d 463, 464).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court