ANTOINETTE TRAMONTANO, Respondent, v COUNTY OF SUFFOLK, Defendant, and TOWN OF ISLIP, Appellant. [658 NYS2d 342] —In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 13, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it based on a lack of prior written notice.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the Town of Islip.

The plaintiff purportedly was injured when she fell as a result of stepping in an alleged pothole in a roadway or driveway owned by the defendant Town of Islip. Pursuant to Town Law § 65-a (2) and Town of Islip Code § 47A-3 (A), no civil action to recover damages for injuries sustained as a result of a defect in Town property may be maintained against the Town unless written notice of the defective condition was actually given to the Town Clerk or the Town Commissioner of Public Works and there was a failure to repair the condition within a reasonable time thereafter. The Town moved for summary judgment dismissing the complaint in reliance on the foregoing provisions. In support of the motion, the Town

submitted evidence which unequivocally demonstrated that no prior written notice of the alleged defect had been received and no work order to repair any such defect had been issued. Accordingly, the Town prima facie established its entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Inasmuch as the plaintiff failed to come forward with evidence indicating that the Town created the condition or that the responsible Town officials were aware of its existence, she failed to raise a triable issue of fact, and the complaint must be dismissed *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917; *Goldston v Town of Babylon,* 145 AD2d 534). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.