■ THERESA NIXDORF, Appellant, v EAST ISLIP SCHOOL DISTRICT et al., Respondents, et al., Defendant. [715 NYS2d 432] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 24, 1999, which granted the separate motions of the defendant Town of Islip and the defendant East Islip School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff alleged that she fell as she stepped off a curb and into a hole in a road in front of an elementary school in the Town of Islip. She commenced this action against, *inter alia,* the Town of Islip (hereinafter the Town), and the East Islip School District (hereinafter the School District), alleging that these defendants were negligent in maintaining the road and were responsible for repairing it.

Contrary to the plaintiff's contention, the Supreme Court properly granted the Town's motion for summary judgment. Pursuant to Town Law § 65-a and Town of Islip Code § 47A-3, as a precondition to commencing a civil action against the Town to recover damages for personal injuries sustained as a result of a defect in Town property, the Town must be given prior written notice of the defect and must fail to repair it within a reasonable time thereafter (*see, Tramontano v County of Suffolk,* 239 AD2d 407). Exceptions to those requirements exist where the municipality acted affirmatively to create the dangerous condition, or where there was a special use of the property and a special benefit was derived by the municipality (*see, Amabile v City of Buffalo,* 93 NY2d 471).

The Town established its prima facie entitlement to judgment as a matter of law by submitting evidence which unequivocally demonstrated that no prior written notice of the

alleged defect was received and no roadway repair permits to repair any such defect were issued (*see, Tramontano v County of Suffolk, supra*). As the plaintiff failed to come forward with competent evidence that the Town affirmatively created the dangerous condition or that the Town caused the defect to occur because of some special use, she failed to raise a triable issue of fact (*see, Tramontano v County of Suffolk, supra; Gianna v Town of Islip,* 230 AD2d 824; *see also, Eidelman v Hochauser,* 242 AD2d 596).

The School District also demonstrated its entitlement to judgment as a matter of law. The plaintiff's fall occurred in the street, and not on any property owned or maintained by the School District. The special use exception, relied upon by the plaintiff, " 'is reserved for situations where the landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use' " (*Minott v City of New York,* 230 AD2d 719, 720, quoting *Poirier v City of Schenectady,* 85 NY2d 310). The use of public parking spaces on a public road in front of an elementary school is not a special benefit giving rise to a special use (*see generally, Poirier v City of Schenectady, supra; Minott v City of New York, supra*). Since the plaintiff failed to come forward with any evidence demonstrating that the School District put the subject road to any special use, she failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the School District's motion for summary judgment. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.