■ MARIE PRATT et al., Appellants, v VILLA ROMA COUNTRY CLUB, INC., Respondent. (And a Third-Party Action.) [716 NYS2d 81] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suf-

folk County (Doyle, J.), dated October 14, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, Villa Roma Country Club, Inc., demonstrated its entitlement to judgment as a matter of law (*see, Minott v City of New York,* 230 AD2d 719). It is uncontroverted that the injured plaintiff's fall occurred on property owned and maintained by the third-party defendant, Town of Delaware (hereinafter the Town). As an abutting landowner, the defendant could be liable only if it created the defective condition or caused the defect to occur because of some special use, or if "a local ordinance or statute specifically charges [the] * * * landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta,* 88 NY2d 449, 453; accord, *Elias v City of New York,* 258 AD2d 435). No ordinance or statute is alleged here. Thus, it was incumbent upon the plaintiffs to raise a triable issue of fact that the defendant either created or caused the defective condition, or derived a special benefit from the abutting property unrelated to the public use, and was therefore required to maintain a portion of that property (*see, Poirier v City of Schenectady,* 85 NY2d 310, 315; *Thomas v Triangle Realty Co.,* 255 AD2d 153). Since the plaintiffs failed to come forward with any opposing evidence demonstrating that the defendant created or caused the defective condition, or made a special use of that portion of the Town's property on which the injured plaintiff fell, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.