■ JOAN LAUER et al., Respondents-Appellants, v GREAT SOUTH BAY SEAFOOD CO., LTD., et al., Appellants-Respondents, TOWN OF ISLIP, Respondent, et al., Defendant. [750 NYS2d 305] —In an action to recover damages for personal injuries, etc., the defendant Great South Bay Seafood Co., Ltd., appeals and the defendant Modica Associates of NY 122 LLC separately appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated August 13, 2001, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as, in denying the separate motions of the defendants Great South Bay Seafood Co., Ltd., and Modica Associates of NY 122 LLC, determined that those defendants did not make a special use of the public parking lot where the accident occurred and granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the cross appeal from so much of the order as, in denying the separate motions of the defendants Great South Bay Seafood Co., Ltd., and Modica Associates of NY 122 LLC, determined that those defendants did not make a special use of the public parking lot where the accident occurred is dismissed, as the plaintiffs are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the separate motions of the defendants Great South Bay Seafood Co., Ltd. and Modica Associates of NY 122 LLC for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the order is affirmed insofar as reviewed on the cross appeal; and it is further,

Ordered that one bill of costs is awarded to the defendants Great South Bay Seafood Co., Ltd., Modica Associates of NY 122 LLC, and the Town of Islip.

The plaintiff Joan Lauer fell in a hole in the parking lot outside a restaurant operated by Great South Bay Seafood Co., Ltd. (hereinafter the restaurant). Modica Associates of NY 122 LLC (hereinafter Modica) owns the premises where the restaurant is located, and the Town of Islip owns the parking lot. The injured plaintiff and her husband commenced this action against, inter alia, the restaurant, Modica, and the Town. The Supreme Court, among other things, dismissed the action insofar as asserted against the Town, but denied the separate motions of the restaurant and Modica (hereinafter referred to collectively as the appellants) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The Supreme Court properly granted the Town's motion for summary judgment. The Town made a prima facie showing that it did not have prior written notice of the defective condition, as required by Town Code 47A-3. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether such notice was provided to the Town. Furthermore, the plaintiffs failed to offer evidence that either of the exceptions to the written notice requirement apply, that is, that the locality created the defect or hazard through an affirmative act of negligence or that a special use conferred a special benefit upon the locality (see Amabile v City of Buffalo, 93 NY2d 471, 474; see also Polak v Gomes, 279 AD2d 513; Nixdorf v East Islip School Dist., 276 AD2d 759).

The Supreme Court erred, however, in denying the appellants' separate motions for summary judgment. There is no dispute that the alleged defective condition was located in the parking lot, which was owned by the Town, and that the plaintiff fell in the parking lot. Therefore, to hold the appellants liable for injuries, the plaintiffs were required to establish that the appellants either created the dangerous condition or made a special use of the public parking lot (see Gerena v Town of Brookhaven, 280 AD2d 450; Pratt v Villa Roma Country Club, 277 AD2d 298; Griffith v Southbridge Towers, 248 AD2d 162). The Supreme Court concluded that there was no evidence to support a finding of special use, but denied summary judgment on the ground that there were triable issues of fact as to whether the appellants created the defective condition in the parking lot.

The appellants met their prima facie burden of establishing

that they did not create the condition in the parking lot. Contrary to the Supreme Court, we conclude that the evidence submitted by the plaintiffs was insufficient to raise a triable issue of fact. There was no evidence that the appellants made any repairs to the parking lot prior to the accident. The plaintiffs contend that the appellants were nevertheless responsible for creating the defective condition because the wooden boardwalk constructed around the restaurant was improperly designed and caused the abutting parking lot surface to erode. In the absence of expert evidence, however, this contention was based on mere conjecture which was insufficient to defeat the appellants' motions (see *Zuckerman v City of New York,* 49 NY2d 557; *Pala v D. Braf, Ltd.,* 284 AD2d 382).

The plaintiffs' cross appeal from so much of the order as determined that there was no evidence of special use must be dismissed. Since the order denied the appellants' motions for summary judgment, the plaintiffs are not aggrieved. However, the plaintiffs may raise, as an alternative ground for affirmance, the arguments made on the cross appeal (see *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539; *Schadoff v Russ,* 278 AD2d 222).

The special use exception applies in situations "where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and therefore is required to maintain a portion of that property" (*Poirier v City of Schenectady,* 85 NY2d 310, 315; see *Kaufman v Silver,* 90 NY2d 204; *Pratt v Villa Roma Country Club, supra*). The plaintiffs failed to present evidence that the appellants derived a special benefit from the parking lot which was unrelated to its use by the public (see *Nixdorf v East Islip School Dist., supra*).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.