■ BERNARD DELANEY et al., Respondents, v TOWN OF ISLIP, Appellant. [880 NYS2d 190]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 8, 2008, which denied its motion for summary judgment dismissing the complaint, and granted the plaintiffs' cross motion for leave to amend their notice of claim.

Ordered that the order is affirmed, with costs.

The defendant Town of Islip enacted an ordinance which provides, in relevant part, that no civil action shall be maintained against it for injuries sustained by reason of a street defect unless prior written notice of such condition was actually given to the Town Clerk or the Commissioner of Public Works, and the Town failed to repair it within a reasonable time thereafter (*see* Town of Islip Code § 47A-3; Town Law § 65-[a]; *Nixdorf v East Islip School Dist.,* 276 AD2d 759 [2000]; *Tramontano v County of Suffolk,* 239 AD2d 407 [1997]). The Town's ordinance, however, does not set forth any requirements for the specificity of the notice of a street defect. Accordingly, since prior notice laws are in derogation of common law and must be strictly construed, notice will be deemed sufficient if it brings the particular condition which allegedly caused the subject accident to the attention of the authorities designated to receive notice (*see Alexander v City of New York,* 59 AD3d 650 [2009]; *Almadotter v City of New York,* 15 AD3d 426, 427 [2005]; *Gorman v Town of Huntington,* 12 NY3d 275 [2009]).

Contrary to the Town's contention, the Supreme Court properly denied its motion for summary judgment dismissing the complaint on the ground that it did not have prior written notice of the defective condition on South Ocean Avenue which allegedly caused the injured plaintiff's accident. The Town failed to make a prima facie showing of its entitlement to judgment as a matter of law because its own evidentiary submissions reveal that it received a prior letter of complaint describing defective conditions on South Ocean Avenue, and requesting that the roadway be repaved. Whether the notice provided by this letter

encompassed the particular condition which allegedly caused the subject accident is an issue of fact which should await resolution at trial (*see Massey v City of Cohoes,* 35 AD3d 996 [2006]; *Faccini v Cordish & Assoc.,* 300 AD2d 1139, 1140 [2002]; *Brooks v City of Binghamton,* 55 AD2d 482, 483-484 [1977]).

Furthermore, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion for leave to amend their notice of claim in order to correct the date of the accident. "General Municipal Law § 50-e (6) authorizes a court, in its discretion, to grant leave to serve an amended notice of claim where the error in the original notice of claim was made in good faith, and where the other party has not been prejudiced thereby" (*Gatewood v Poughkeepsie Hous. Auth.,* 28 AD3d 515 [2006]; *see Matter of Figgs v County of Suffolk,* 54 AD3d 671 [2008]). There is no claim here that the error in setting forth the accident date in the notice of claim was made in bad faith. Moreover, the error was corrected by the injured plaintiff at his General Municipal Law § 50-h hearing, at which the Town's attorney demonstrated his awareness, in any event, of the correct date of the accident. Finally, we agree with the Supreme Court that the Town demonstrated no prejudice from the error and in light of the nature of the defect and the injured plaintiff's accident, there is no basis to presume prejudice (*see Gatewood v Poughkeepsie Hous. Auth.,* 28 AD3d at 515; *Hudson v New York City Tr. Auth.,* 19 AD3d 648, 649 [2005]; *Power v Manhattan & Bronx Surface Operating Auth.,* 16 AD3d 655, 656 [2005]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.