■ JOHN CIMINO, Appellant, v CITY OF WHITE PLAINS et al., Respondents, et al., Defendant. [885 NYS2d 356]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 13, 2008, as granted that branch of the motion of the defendants City of White Plains, LCOR Incorporated, Bank Street Commons Apts., Inc., doing business as Bank Street Commons, LCOR White Plains Development, LLC, LCOR White Plains I, LLC, LCOR Asset Management Limited Partnership, Bank Street Commons, LLC, Bank Street Commons Maintenance Association, Inc., and HRH Construction Corporation which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003 a construction project was underway on certain property owned by the defendant Bank Street Commons, LLC (hereinafter Bank Street), in the defendant City of White Plains. Bank Street entered into a contract with the defendant LCOR White Plains Development, LLC (hereinafter LCOR), pursuant to which LCOR developed and managed the project. Bank Street also entered into a contract with the defendant HRH Construc-

tion Corporation (hereinafter HRH), pursuant to which HRH acted as general contractor on the project.

On March 22, 2003 the plaintiff was walking towards Bank Street's property on a public sidewalk. Due to the construction, the portion of the sidewalk in front of Bank Street's property was blocked off in a manner that resulted in pedestrians having to step off the sidewalk and walk onto a public roadway. Concrete barriers were placed on the roadway in a manner that created a pathway for pedestrians and protected them from traffic.

The plaintiff, who stepped off of the sidewalk and began walking on the roadway, allegedly was injured when a portion of the roadway suddenly collapsed beneath him. According to the plaintiff's expert engineer, the portion of the roadway collapsed as a result of certain work performed by the defendant Consolidated Edison Company of New York, Inc., and its subcontractor, the defendant Henkels & McCoy, Inc.

The City, Bank Street, LCOR, and HRH, along with the defendants LCOR Incorporated, Bank Street Commons Apts., Inc., doing business as Bank Street Commons, LCOR White Plains I, LLC, LCOR Asset Management Limited Partnership, and Bank Street Commons Maintenance Association, Inc. (hereinafter collectively the respondents), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Contrary to the plaintiff's contention, the Supreme Court properly awarded the respondents summary judgment dismissing the complaint insofar as asserted against them.

The City made a prima facie showing of its entitlement to judgment as a matter of law. The City provided evidence demonstrating that it lacked prior written notice of any dangerous condition in the area of the roadway in which the plaintiff fell, as required by White Plains City Code § 277 (*see Forman v City of White Plains*, 5 AD3d 434 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City received prior written notice, or as to the applicability of either of the "two recognized exceptions to the prior written notice requirement" (*Jason v Town of N. Hempstead*, 61 AD3d 936, 936-937 [2009] [internal quotation marks omitted]; *see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *San Marco v Village/Town of Mount Kisco*, 57 AD3d 874, 876-877 [2008]). Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.

Bank Street also made a prima facie showing of its entitlement to judgment as a matter of law. Bank Street demonstrated that it did not have a duty to maintain the area of the roadway in which the plaintiff fell (*see Nixdorf v East Islip School Dist.,* 276 AD2d 759, 760 [2000]; *Minott v City of New York,* 230 AD2d 719, 720 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Nixdorf v East Islip School Dist.,* 276 AD2d at 760; *Minott v City of New York,* 230 AD2d at 720). Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against Bank Street.

Further, LCOR and HRH each made a prima facie showing of their entitlement to judgment as a matter of law. LCOR and HRH demonstrated that they did not owe a duty of care to the plaintiff by virtue of their respective contracts with Bank Street (*see Church v Callanan Indus.,* 99 NY2d 104, 110-112 [2002]; *Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138-140 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against LCOR and HRH.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.