In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated January 8, 2015, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff’s cross motion for leave to amend the notice of claim and the pleadings to assert that the defendant had prior written notice of the sidewalk condition which caused her injury.
Ordered that the order is affirmed, with costs.
On December 12, 2009, the plaintiff allegedly sustained personal injuries when she tripped and fell in front of her residence in the defendant, Town of Babylon, on a section of sidewalk that had been raised by the roots of a curbside tree. It is undisputed that at the time of the plaintiff’s accident, Code of the Town of Babylon § 158-4 provided that no civil action could be maintained against the Town for injuries arising from a sidewalk defect unless prior written notice of the defect had been given either to the Town Clerk or to the Commissioner of the Department of Public Works, and the condition was not adequately addressed within a reasonable time thereafter. The plaintiff alleged that, prior to her accident, she made numerous telephonic complaints to the Town regarding the condition of the curbside tree and the raised sidewalk. The Town has conceded that, in response to these complaints, an employee of the Department of Public Works (hereinafter the *1084 DPW) inspected the condition and prepared a written “Foreman’s Inspection Report,” which indicated that the tree would be removed and the sidewalk would be replaced. A copy of the report was left in the plaintiff’s mailbox. According to the deposition testimony of a supervisor from the DPW, the original of the written report was handed in to the DPW, was entered into the Town’s computerized records, and resulted in the issuance of work orders for the removal of the tree and the replacement of the sidewalk. The tree was removed approximately one week after the inspection was performed, and the sidewalk was removed approximately two months later. However, before the sidewalk was removed, the plaintiff allegedly tripped over it.
The plaintiff subsequently commenced this action against the Town, but failed to allege in the notice of claim and the pleadings that the Town had received prior written notice of the alleged sidewalk defect. The Town moved for summary judgment dismissing the complaint, inter alia, on the ground that the plaintiff had failed to plead and prove compliance with the Town’s prior written notice code provision, relying upon affidavits from an employee of the Town Clerk’s Office and the Commissioner of the DPW reciting that no prior written notice of the alleged condition had been received. The plaintiff cross-moved for leave to amend the notice of claim and the pleadings to allege the Town’s receipt of prior written notice. The Supreme Court denied the Town’s motion and granted the plaintiff’s cross motion. We affirm.
“A municipality that has enacted a prior written notice statute may not be subjected to liability for injuries caused by a defective condition in a sidewalk unless it either has received written notice of the defect or an exception to the written notice requirement applies” (Monaco v Hodosky, 127 AD3d 705, 706 [2015]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529 [2014]; Simon v Incorporated Vil. of Lynbrook, 116 AD3d 692 [2014]). Contrary to the Town’s contention, it failed to establish its prima facie entitlement to judgment as a matter of law. Rather, as correctly observed by the Supreme Court, under the particular circumstances of this case, the evidence submitted by the Town in support of its motion demonstrated that an entity designated by the Town’s prior written notice code provision received the requisite prior written notice of the alleged sidewalk defect. The undisputed evidence in the record, including the preparation of the written inspection report by a DPW employee, the delivery of that written report to the DPW, and the entry of that report into the Town’s computerized records *1085 for the purpose of generating a work order to remedy the alleged defect, supports the conclusion that written notice was timely provided to an appropriate entity under the Town Code (see generally Delaney v Town of Islip, 63 AD3d 658 [2009]; Harrington v City of Plattsburgh, 216 AD2d 724 [1995]; Jensen v City of Tonawanda, 206 AD2d 918 [1994]; Pier v Pavement Resource Mgrs., 144 AD2d 803 [1988]; Brooks v City of Binghamton, 55 AD2d 482 [1977]; Scherm v Town of N. Hempstead, 45 AD2d 886 [1974]). Accordingly, the trier of fact must determine, inter alia, whether the Town adequately addressed the allegedly defective condition within a reasonable time after the notice was received.
The Supreme Court also properly granted the plaintiffs cross motion for leave to amend the notice of claim and the pleadings, since leave to amend shall be freely granted where, as here, no prejudice or surprise would result (see CPLR 3025 [b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403 [2014]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]; Katz v Castlepoint Ins. Co., 121 AD3d 948 [2014]).
In view of the foregoing, we do not consider the parties’ additional contentions regarding the Town’s alleged creation or exacerbation of the sidewalk condition.
The Town’s remaining contention is without merit.
Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.