Bochner v Town of Monroe (2019 NY Slip Op 00848)





Bochner v Town of Monroe


2019 NY Slip Op 00848


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-06423
 (Index No. 8529/14)

[*1]Henny Bochner, respondent, 
v
Town of Monroe, defendant, Village of Kiryas Joel, appellant.


Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Christine Gasser], of counsel), for appellant.
Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Village of Kiryas Joel appeals from an order of the Supreme Court, Orange County (Victor G. Grossman, J.), dated April 24, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2013, the plaintiff allegedly was injured in the Village of Kiryas Joel when she stepped off the curb into a pothole in the roadway of Carter Lane. She commenced this action against the Village and the Town of Monroe, which had entered into an agreement with the Village to repair defects in the Village's roadways. After discovery, the Village moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Village contended that it did not have prior written notice of the alleged defect and, thus, could not be held liable for injuries caused by the alleged defect (see Code of the Village of Kiryas Joel [hereinafter Village Code] § 117-3). The Supreme Court denied the Village's motion, and the Village appeals.
"A municipality that has enacted a prior written notice statute may not be subjected to liability for injuries caused by a defective condition in a sidewalk unless it either has received written notice of the defect or an exception to the written notice requirement applies" (Monaco v Hodosky, 127 AD3d 705, 706; see Amabile v City of Buffalo, 93 NY2d 471, 474; Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; Simon v Incorporated Vil. of Lynbrook, 116 AD3d 692). Here, pursuant to section 117-3 of the Village Code, no civil action could be maintained against the Village for injuries arising from a sidewalk defect unless prior written notice of the defect had been given either to the Village Clerk or to the Village Superintendent of Public Works.
In support of its motion, the Village submitted evidence that itself demonstrated the existence of triable issues of fact as to whether it had received the requisite prior written notice of the alleged defect. This evidence established that in the weeks before the plaintiff allegedly was injured, an officer designated by the Village Code as a recipient of written notice, the Village [*2]Superintendent of Public Works, himself drafted two worksheets detailing defects in the roadway of Carter Lane. Additionally, the Village submitted evidence that the Village Superintendent of Public Works emailed those worksheets to the Village Clerk—the other officer designated under the Village Code as a proper recipient of written notice—weeks before the date on which the plaintiff allegedly was injured. This evidence established that the Village had written notice of defects in the roadway of Carter Lane (see Prucha v Town of Babylon, 138 AD3d 1083, 1084-1085; cf. Farnsworth v Village of Potsdam, 228 AD2d 79, 81). Although it was not clear whether the worksheets identified the precise defect that allegedly caused the plaintiff's injuries, the worksheets presented a triable issue of fact. "A recent prior written notice that does not provide an exact location, but which nevertheless reasonably identifies the area of the purported defect, may give rise to a question of fact for the jury as to the sufficiency of the notice" (Massey v City of Cohoes, 35 AD3d 996, 996; see Blanc v City of Kingston, 68 AD3d 1525, 1526; Delaney v Town of Islip, 63 AD3d 658, 659-660). Accordingly, because the Village's moving papers themselves demonstrated the existence of triable issues of fact on the issue of prior written notice, the Village failed to establish its prima facie entitlement to judgment as a matter of law on the ground of lack of prior written notice.
Since the Village failed to establish its prima facie entitlement to judgment as a matter of law, its motion was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see Casciano v Town/Village of Harrison, 160 AD3d 801, 802).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court