Cuomo v Incorporated Vil. of Garden City (2020 NY Slip Op 06748)





Cuomo v Incorporated Vil. of Garden City


2020 NY Slip Op 06748


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-05125
 (Index No. 8041/16)

[*1]Rosaria Cuomo, et al., appellants,
v
Incorporated Village of Garden City, respondent.


Ledwith & Atkinson, Lynbrook, NY (Peter K. Ledwith of counsel), for appellants.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Andrew Preston and Amos Brunson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated March 12, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 16, 2016, the plaintiff Rosaria Cuomo (hereinafter the injured plaintiff) allegedly tripped and fell on a "broken" portion of sidewalk in the Incorporated Village of Garden City. The injured plaintiff, and her husband suing derivatively, commenced this action against the Village. Thereafter, the Village moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
"'Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Loghry v Village of Scarsdale, 149 AD3d 714, 715, quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728; see Loghry v Village of Scarsdale, 149 AD3d at 715). The special use exception is not at issue here.
We agree with the Supreme Court's determination to grant the Village's motion for summary judgment dismissing the complaint. The Village demonstrated, prima facie, that it lacked prior written notice of the allegedly defective sidewalk condition by submitting, inter alia, the affidavit of the Village Clerk, who indicated that she conducted a search of the relevant records covering the period of three years prior to the date of the accident and found no written notice of a defective condition for the subject portion of sidewalk (see Pallotta v City of New York, 121 AD3d 656, 657). The Village further demonstrated, prima facie, that it did not affirmatively create the alleged dangerous condition through evidence that the condition was the result of the sidewalk settling over a substantial number of years (see Corey v Town of Huntington, 9 AD3d 345, 346).
In opposition, the plaintiffs failed to raise a triable issue of fact. Their expert's affidavit failed to identify any specific binding industry standard, code, rule, or regulation that the Village violated in the design of the sidewalk or parking lot (see Hanley v City of New York, 139 AD3d 800, 802).
Accordingly, we agree with the Supreme Court's determination granting the Village's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court