Belluck v Town of N. Hempstead (2021 NY Slip Op 02126)





Belluck v Town of N. Hempstead


2021 NY Slip Op 02126


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-11389
 (Index No. 611046/17)

[*1]Raymond E. Belluck, appellant,
v
Town of North Hempstead, respondent, et al., defendants.


Belluck & Fox, LLP, New York, NY (Kristina M. Georgiou of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated September 9, 2019. The order granted the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Town of North Hempstead to recover damages that he allegedly sustained when he tripped and fell on a height differential between a concrete sidewalk and an asphalt walkway of an abutting premises owned by the Town. The Town moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the alleged defect. The Supreme Court granted the motion, and the plaintiff appeals.
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Cuomo v Incorporated Vil. of Garden City, 188 AD3d 987, 988 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474; Loghry v Village of Scarsdale, 149 AD3d 714, 715). The Town established, prima facie, that it did not have prior written notice of the alleged uneven condition by submitting, inter alia, the affidavit of its Village Clerk and the affidavit of its Superintendent of Highways, who averred that they searched the appropriate records and found no prior written notice of a defective condition corresponding to the condition alleged by the plaintiff (see D.D. v Incorporated Vil. of Freeport, 186 AD3d 795, 796; Wilson v Incorporated Vil. of Hempstead, 120 AD3d 665). In opposition, the plaintiff failed to raise a triable issue of fact. There is no merit to the plaintiff's contention that the Town's prior written notice statute is inapplicable because the Town acted in a proprietary capacity (see Wittorf v City of New York, 23 NY3d 473, 480; Creutzberger v County of Suffolk, 140 AD3d 915, 917).
Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court