Kolenda v Incorporated Vil. of Garden City (2023 NY Slip Op 01783)

Kolenda v Incorporated Vil. of Garden City

2023 NY Slip Op 01783

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-03301
 (Index No. 609113/17)

[*1]Nicole Kolenda, et al., appellants, 
v
Incorporated Village of Garden City, respondent, et al., defendants.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellants.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Jason S. Greenfield, James R. Hatter, and Theodore Goralski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered March 5, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Incorporated Village of Garden City which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Nicole Kolenda allegedly was injured when she tripped and fell on a portion of sidewalk located in the defendant Incorporated Village of Garden City. Kolenda, and her spouse suing derivatively, commenced this action to recover damages for personal injuries against, among others, the Village. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered March 5, 2020, the Supreme Court, among other things, granted the Village's motion. The plaintiffs appeal from so much of the order as granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
"Prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a local law requiring such notice" (Parthesius v Town of Huntington, 210 AD3d 789, 790 [internal quotation marks omitted]; see Cuomo v Incorporated Vil. of Garden City, 188 AD3d 987, 988). Where the municipality establishes, prima facie, that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the prior written notice rule, namely, that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the municipality (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130; Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, 210 AD3d 53, 69). Alternatively, a plaintiff may raise a triable issue of fact regarding whether the municipality did, in fact, have prior written notice of the alleged defective condition (see Bchakjan v City of New York, 210 AD3d 519).
Code of the Village of Garden City § 132-2 provides, in part, that no civil action may be maintained against the Village for personal injuries sustained as a consequence of, inter alia, defective sidewalks unless prior written notice of the condition "had . . . actually been given to the [Village] Board of Trustees . . . and there had been a failure or neglect on the part of said village to cause such condition to be corrected . . . within a reasonable time after the receipt of such notice." "Because this prior written notice provision is a limited waiver of sovereign immunity, in derogation of common law, it is strictly construed" (Katz v City of New York, 87 NY2d 241, 243; see Gorman v Town of Huntington, 12 NY3d 275, 279; Poirier v City of Schenectady, 85 NY2d 310, 313; Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918).
Here, by submitting, inter alia, the affidavit of the Village Clerk, who is the repository for prior written notices of defect-related complaints, the Village established, prima facie, that it did not have prior written notice of the alleged defective sidewalk condition (see Parthesius v Town of Huntington, 210 AD3d at 790; Cuomo v Incorporated Vil. of Garden City, 188 AD3d at 988).
In opposition, the plaintiffs failed to raise a triable issue of fact. Where, as here, a municipality has enacted a prior written notice law, neither actual nor constructive notice of a condition satisfies the prior written notice requirement (see Charles v City of Long Beach, 136 AD3d 634, 635; Chirco v City of Long Beach, 106 AD3d 941, 943). Records generated by other agencies of the Village, outside of the strict construction of Code of the Village of Garden City § 132-2, fail to satisfy the requirements of the relevant prior written notice law (see Gorman v Town of Huntington, 12 NY3d at 279 [a written request to any municipal agent other than a statutory designee that a defect be repaired is insufficient to meet the requirements of prior written notice laws]; Misek-Falkoff v Village of Pleasantville, 207 AD2d 332, 333 [same]). On this record, the plaintiffs failed to raise a triable issue of fact as to whether any documents to or from other municipal employees found their way to the Village Board of Trustees so as to cognizably qualify as prior written notice under the terms of the Village Code.
Our learned dissenting colleague concludes that the plaintiffs, through the submission of a letter on the Village's letterhead dated May 11, 2015, from the Village Engineer to the defendant homeowners, raised a triable issue of fact as to whether the Village Board of Trustees had prior written notice of the alleged sidewalk defects. We respectfully disagree with our colleague's conclusion. The letter in question states, in part, that a recent inspection of the sidewalk and/or driveway apron adjacent to the defendant homeowners' property indicated that concrete was in need of repair or replacement. The letter continues, stating that it was necessary to repair or replace a defective sidewalk and/or driveway apron for safety reasons and to reduce the likelihood of lawsuits against the property owners and the Village. For these reasons, the letter indicates, the Village Board of Trustees had adopted a resolution, in a certain specified Chapter in the Village Code, providing that property owners are required to repair or replace defective or damaged sidewalks and/or driveway aprons fronting their property within 30 days of receiving notice of such defects. Strictly construing the terms of the Village's prior written notice law, as we must (see Gorman v Town of Huntington, 12 NY3d at 279-280; Poirier v City of Schenectady, 85 NY2d at 313), that letter from the Village Engineer to the defendant homeowners does not constitute the giving of prior written notice to the Village Board of Trustees. The cases of Bochner v Town of Monroe (169 AD3d 631) and Prucha v Town of Babylon (138 AD3d 1083), relied on by the dissent, are distinguishable from this case since in those cases, unlike in the case at bar, there was evidence of prior written notice provided to an appropriate entity specified in the relevant prior written notice statute (see Bochner v Town of Monroe, 169 AD3d at 632; Prucha v Town of Babylon, 138 AD3d at 1084-1085). Moreover, the Village's laudable actions in inspecting property and in requiring repair or replacement of defective sidewalks or driveway aprons, for safety reasons and to reduce the likelihood of liability, should not subject the Village to added tort liability.
Thus, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., BRATHWAITE NELSON and MILLER, JJ., concur.
MALTESE, J., dissents, and votes to reverse the order insofar as appealed from, on the law, and to deny that branch of the motion of the defendant Incorporated Village of Garden City which was for summary judgment dismissing the complaint insofar as asserted against it.
I respectfully dissent and vote to reverse the order insofar as appealed from because the plaintiffs raised a triable issue of fact as to whether the Village Board of Trustees had prior written notice of the allegedly defective condition in accordance with Code of the Village of Garden City section 132-2.
The injured plaintiff, Nicole Kolenda, alleges that on November 12, 2016, she tripped over a raised sidewalk flag while she was jogging on a sidewalk within the Village. The defendants Frederick Brown and Lisa Brown (hereinafter together the homeowners) owned the property adjoining the area of the sidewalk where the incident allegedly occurred.
Prior to the subject incident, a Village employee inspected the sidewalk at issue and prepared a written survey identifying several specific sidewalk defects, including the raised sidewalk flag at issue. Subsequently, by letter dated May 11, 2015, the Village notified the homeowners that repairs to the sidewalk were required. The letter specified that "for safety reasons and to reduce the likelihood of lawsuits against you as a property owner and against the Village at large," the Village Board of Trustees had adopted a resolution requiring the sidewalk to be repaired within 30 days from the date of the letter. The Village gave the homeowners the option to either make the repairs themselves by hiring a private contractor or to authorize the Village to make the repairs and bill them for the work. According to Frederick Brown, the homeowners provided a written agreement to the Village opting for the Village to make the repairs. In September 2015, prior to the injured plaintiff's alleged accident, the Village then performed certain repairs to the sidewalk in the vicinity of the accident location. The record demonstrates that after those repairs were made, there remained a height differential between two sidewalk flags, at the site of the plaintiff's accident.
On September 5, 2017, the plaintiffs commenced this action to recover damages for personal injuries that the injured plaintiff allegedly sustained when she tripped over the alleged sidewalk defect. The Village moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it lacked prior written notice of the alleged defect. The Supreme Court granted that branch of the motion, and the plaintiffs appeal.
"'Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [emphasis added], quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474).
As my colleagues in the majority note, the Village submitted the affidavit of its Village Clerk averring that a search of the Village's records repository for the three years prior to the injured plaintiff's accident did not reveal any complaints or notices of claim regarding the subject sidewalk. However, in opposition, the plaintiffs raised a triable issue of fact as to whether the Village Board of Trustees had prior written notice by submitting the letter from the Village to the homeowners notifying them of defects in the sidewalk abutting their property (see Prucha v Town of Babylon, 138 AD3d 1083, 1084-1085; see also Bochner v Town of Monroe, 169 AD3d 631, 631-632; cf. McCarthy v City of White Plains, 54 AD3d 828, 829; Cenname v Town of Smithtown, 303 AD2d 351). The letter, which was on the Village's letterhead and signed by the Village Engineer, indicated that the Village Board of Trustees had adopted a resolution which required the homeowners to either repair the sidewalk or authorize and pay the Village to make the repairs, and that the Village Board of Trustees had adopted this resolution to protect the Village from liability, among other things (cf. Gorman v Town of Huntington, 12 NY3d 275).
This evidence is sufficient to establish, prima facie, that the Village Board of Trustees, in fact, had prior written notice of the condition, and is sufficient to raise a triable issue of fact as to this issue warranting the denial of that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Bochner v Town of Monroe, 169 AD3d 631; Prucha v Town of Babylon, 138 AD3d 1083).
While the plaintiffs here do not raise allegations that the Village, or its contractor, created the allegedly defective sidewalk condition, the record reflects that prior to the subject incident, the Village's employee noted on a survey maintained in the Village's records the location of the defect as well as other defective conditions in the sidewalk adjoining the homeowners' property. The Village issued a letter to the homeowners informing them, in general, that the sidewalk must be repaired and giving them the option to authorize the Village to make necessary repairs. The homeowners then authorized the Village to make necessary repairs, and the Village made certain repairs to the sidewalk in the vicinity of the defect, but the defect at issue remained there after certain other repairs were made.
"The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on publicly-owned property which, if left unattended, could result in injury. This ensures that a municipality, which is not expected to be cognizant of every crack or defect within its borders, will not be held responsible for injury from such defect unless given an opportunity to repair it" (Gorman v Town of Huntington, 12 NY3d at 279 [emphasis added; internal quotation marks omitted]). Although prior written notice is required, here, the Village had actual notice of a defective condition and notified the homeowners to repair it or authorize the Village to do so, which they did. That should constitute an exception to the requirement under the circumstances presented, where there is evidence that the Village had actual notice of the defect, informed the homeowners that repairs to the abutting sidewalk were required, and the homeowners then relied upon and paid the Village to perform any repairs that the Village deemed necessary. The record reflects that here the Village had the opportunity to repair the alleged defect and apparently did not repair it adequately, despite the homeowners' reliance upon the Village to repair any defects that it identified. These facts are distinguishable from those in Gorman v Town of Huntington (12 NY3d 275), where there were no assurances that the Town agency which received notice would perform any repairs.
It is disingenuous for the Village to take the position that it did not have notice of the defect, which the injured plaintiff claims caused her trip and fall and her alleged serious injuries. Here, the homeowners relied upon the Village, which undertook to repair the sidewalk in question.
Accordingly, I would reverse the order insofar as appealed from and deny that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ENTER:
Maria T. Fasulo
Clerk of the Court