Lyons v Inc. Vil. of Garden City (2024 NY Slip Op 01297)

Lyons v Inc. Vil. of Garden City

2024 NY Slip Op 01297

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01873
2022-07267
 (Index No. 606483/19)

[*1]Sheila Lyons, appellant, 
v
Inc. Village of Garden City, respondent, et al., defendants.

Foley Griffin, LLP, Garden City, NY (Thomas J. Foley and Kelly Guthy of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Jason P. Bertuna and Theodore F. Goralski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered March 7, 2022, and (2) and order of the same court entered August 19, 2022. The order entered March 7, 2022, insofar as appealed from, granted that branch of the motion of the defendant Inc. Village of Garden City which was for summary judgment dismissing the complaint insofar as asserted against it. The order entered August 19, 2022, denied the plaintiff's motion for leave to reargue her opposition to that branch of the motion of the defendant Inc. Village of Garden City which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order entered August 19, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 7, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Inc. Village of Garden City.
The plaintiff allegedly was injured after she tripped and fell on a portion of sidewalk located in the defendant Inc. Village of Garden City. The plaintiff commenced this action to recover damages for personal injuries against, among others, the Village. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered March 7, 2022, the Supreme Court, among other things, granted that branch of the Village's motion. The plaintiff appeals.
"Prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a local law requiring such notice" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022). Where the municipality establishes, prima facie, that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of one [*2]of two recognized exceptions to the prior written notice rule, or, alternatively, a plaintiff may raise a triable issue of fact regarding whether the municipality did, in fact, have prior written notice of the alleged defective condition (see Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 648).
Code of the Village of Garden City § 132-2 provides, in part, that no civil action may be maintained against the Village for personal injuries sustained as a consequence of, inter alia, defective sidewalks unless prior written notice of the condition "had . . . actually been given to the [Village] Board of Trustees . . . and there had been a failure or neglect on the part of said village to cause such condition to be corrected . . . within a reasonable time after the receipt of such notice." Since "'this prior written notice provision is a limited waiver of sovereign immunity, in derogation of common law, it is strictly construed'" (Kolenda v Incorporated Vil. of Garden City, 215 AD3d at 648, quoting Katz v City of New York, 87 NY2d 241, 243).
Here, contrary to the plaintiff's contention, the Village established, prima facie, that the Village Board of Trustees was not given prior written notice of the alleged defective sidewalk condition. The Village submitted, inter alia, an affidavit from the Village Clerk who averred that the Village keeps a repository of records that includes all written complaints and notices submitted to the Village and that a search of these records revealed that the Village had not received any prior written notice of the subject defect (see Kolenda v Incorporated Vil. of Garden City, 215 AD3d at 648; Cuomo v Incorporated Vil. of Garden City, 188 AD3d 987, 988).
In opposition, the plaintiff failed to raise a triable issue of fact. Where, as here, a municipality has enacted a prior written notice law, neither actual nor constructive notice of a condition satisfies the prior written notice requirement (see Kolenda v Incorporated Vil. of Garden City, 215 AD3d at 648-649; Granderson v City of White Plains, 29 AD3d 739). Further, "[r]ecords generated by other agencies of the Village, outside of the strict construction of Code of the Village of Garden City § 132-2, fail to satisfy the requirements of the relevant prior written notice law" (Kolenda v Incorporated Vil. of Garden City, 215 AD3d at 649). Here, the bidding and contract documents submitted by the plaintiff, which related to a wider renovation project in the area where the accident occurred, did not raise a triable issue of fact as to whether the Village Board of Trustees was given prior written notice of the defect at issue (see id.; McCarthy v City of White Plains, 54 AD3d 828, 829).
Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court