Douglas v City of Mount Vernon, N.Y. (2024 NY Slip Op 02173)

Douglas v City of Mount Vernon, N.Y.

2024 NY Slip Op 02173

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02679
 (Index No. 57044/20)

[*1]Winsome Douglas, appellant, 
v
City of Mount Vernon, New York, respondent, et al., defendants.

Cooper Law Group, P.C., New Rochelle, NY (Gary G. Cooper of counsel), for appellant.
Brian G. Johnson, Corporation Counsel, Mount Vernon, NY (Johan S. Powell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated January 3, 2023. The order, insofar as appealed from, granted the motion of the defendant City of Mount Vernon, New York, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant City of Mount Vernon, New York, for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
On May 1, 2018, the plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting premises known as 316 East 3rd Street located in the defendant City of Mount Vernon, New York. In June 2018, the plaintiff filed a notice of claim against the City, alleging that she tripped on a "3 inch, metal bar, protruding from the cracked public sidewalk." Thereafter, the plaintiff commenced this action against, among others, the City. The City moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged condition. In an order dated January 3, 2023, the Supreme Court, inter alia, granted the City's motion. The plaintiff appeals.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; see Amabile v City of Buffalo, 93 NY2d 471, 474; Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 921). To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect (see Smith v City of New York, 210 AD3d 53, 69). Once that showing is made, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (id., quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128; Amabile v City of Buffalo, 93 NY2d at 474). "Alternatively, a plaintiff may raise a triable issue of fact regarding whether the municipality did, in fact, have prior written notice of the alleged [*2]defective condition" (Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 648).
Here, in support of its motion, the City submitted the affidavits of two of its employees, including Phillip Fountain, Principal Clerk of the City's Department of Public Works, which established, prima facie, that the City did not have prior written notice of the alleged defect, as required pursuant to section 265 of the Charter of the City of Mount Vernon (see Nieves v City of New York, 216 AD3d 800, 801; Brower v County of Suffolk, 185 AD3d 774, 776). In opposition, however, the plaintiff raised a triable issue of fact as to whether the City did, in fact, have prior written notice of the alleged defect. The plaintiff submitted, inter alia, a Notice of Violation dated January 18, 2018, from the Department of Public Works, Office of the Commissioner, to the purported owner of the property abutting the sidewalk on which the plaintiff fell. The Notice of Violation was issued by the Commissioner of the Department of Public Works, the very individual who was statutorily designated to receive written notice of sidewalk defects. The Notice of Violation stated that an inspection, which was conducted on January 16, 2018, found, among other things, that "deteriorated and hazardous conditions" existed on the abutting sidewalk. Under the circumstances, the plaintiff raised a triable issue of fact as to whether the City did, in fact, have prior written notice of the alleged defect (see Bochner v Town of Monroe, 169 AD3d 631, 632; Prucha v Town of Babylon, 138 AD3d 1083, 1083-1084). Whether the Notice of Violation "encompassed the particular condition which allegedly caused the subject accident is an issue of fact which should await resolution at trial" (Delaney v Town of Islip, 63 AD3d 658, 660; see Bochner v Town of Monroe, 169 AD3d at 632).
Accordingly, the Supreme Court should have denied the City's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
MILLER, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court