Parchment v Crawford (2026 NY Slip Op 00789)

Parchment v Crawford

2026 NY Slip Op 00789

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-10058
 (Index No. 613258/22)

[*1]Jamal Parchment, respondent, 
vMolly Crawford, et al., defendants, Town of North Hempstead, appellant.

Richard J. Nicolello, Town Attorney, Manhasset, NY (Susan Schmidt of counsel), for appellant.
Isaacson, Schiowitz & Korson, LLP, Rockville Centre, NY (Zachary Horowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated September 20, 2024. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.
The plaintiff commenced this action against, among others, the defendant Town of North Hempstead to recover damages for personal injuries he allegedly sustained when he tripped and fell due to a defect on a sidewalk located within the Town. The Town moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, contending, inter alia, that it did not have prior written notice of the defect pursuant to Code of Town of North Hempstead (hereinafter Town Code) § 26-1. The plaintiff opposed the motion, contending that there were triable issues of fact as to whether the Town had prior written notice of the defect and whether the Town affirmatively created the defect through an act of negligence. In an order dated September 20, 2024, the Supreme Court, among other things, denied the Town's motion. The Town appeals.
"When a municipality has adopted a prior written notice law, the municipality cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1260-1261 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d 53, 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130). Pursuant to Town Code § 26-1, written notices [*2]must be "manually subscribed by the complainant" and "actually given to the Town Superintendent of Highways or the Town Clerk."
Here, the Town established, prima facie, that it did not receive prior written notice of the alleged defect by submitting, inter alia, affidavits from the First Deputy Town Clerk of the Town and the Town's Superintendent of Highways, who averred that a records search failed to reveal any prior written notice of a defective condition at the location of the plaintiff's accident (see Callaghan v County of Nassau, 236 AD3d 725, 727; Parthesius v Town of Huntington, 210 AD3d 789, 790; Belluck v Town of N. Hempstead, 193 AD3d 669, 670). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town had prior written notice of the alleged defect or whether the Town affirmatively created the alleged defect (see Callaghan v County of Nassau, 236 AD3d at 727).
Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court